**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**RONALD MARK CLARK and**  **PLAINTIFFS**
**MARGARET KELLY CLARK, Individually**
**and as Next Friends and Guardians of**
**FORREST MANNING, a minor**

**V.**  **CASE NO. 4:07-CV-00477 GTE**

**JOHN BAKA, M.D., et al.**  **DEFENDANTS**

**ORDER DISMISSING PLAINTIFFS' INDIVIDUAL CLAIMS**

Before the Court are three partially dispositive motions filed by three Separate Defendants: (1) Patricia Lynn Dyer and Saline County Medical Center's Motion for Partial Summary Judgment;[1] (2) Andrea Denise Hall's Motion for Judgment on the Pleadings; and (3) John Baka's Motion for Partial Summary Judgment. Plaintiffs have responded to the motions.

The motions raise the same issue -- whether Plaintiffs' individual claims are time-barred. For the reasons stated below, the Court concludes that record evidence demonstrates that the Defendants are entitled to judgment as a matter of law on this issue. Consequently, Plaintiffs may not recover on their individual claims.

**FACTUAL BACKGROUND**

This is a medical malpractice case. Plaintiffs Ronald Mark Clark and Kelly Clark are the guardians and grandparents of Forrest Manning, a minor. Plaintiffs are suing individually and as next friends and guardians of Forrest Manning. Forrest Manning allegedly sustained severe

---

[1] St. Paul Insurance Company was not named as a party defendant when Plaintiffs filed their Amended Complaint.

- 1 -

physical and neurologic injuries during his birth on January 3, 2001. The Defendants are health care professionals, the hospital, and the insurer for the hospital, all of whom are charged with negligence (or legal responsibility for negligence) in connection with such injuries.

Plaintiffs seek an award of compensatory and punitive damages. The alleged damages include past and future medical expenses, past and future medical damages, future lost wages and lost earning capacity, and past and future non-economic damages.

## PROCEDURAL BACKGROUND

The alleged malpractice occurred in January 3, 2001. The present action was filed on May 3, 2007. A prior action was filed by Plaintiffs, through different counsel, on January 3, 2003. Plaintiffs voluntarily dismissed the first action on July 18, 2003. The action was not refiled until May 3, 2007.

## DISCUSSION

There is no dispute about the Plaintiffs' claims brought on behalf of Forrest Manning. Such claims are timely filed. Rather, the partes dispute the timeliness of the Plaintiffs' individual claims. While it is undisputed that Plaintiffs have filed their individual claims beyond the two-year time limit established for medical injury actions in Arkansas, Plaintiffs offer two separate theories upon which the Court should find their individual claims timely filed. First, Plaintiffs argue that the Court should consider the claims of Forrest Manning and his guardians/grandparents, Ronald and Margaret Clark, to be joint and inseparable. Second, Plaintiffs argue that § 16-114-203(a), if applied to bar their individual claims, violates two provisions of the Arkansas Constitution.

Arkansas law imposes a two year statute of limitations on "all actions for medical injury." Ark. Code Ann. § 16-114-203(a). In a subsequent section of the same statute, the limitations

period is extended for minors age nine or younger at the time of the medical injury, to-wit:

> If an individual is nine (9) years of age or younger at the time of the act, omission or failure complained of, the minor or person claiming on behalf of the minor shall have until the latter of the minor's 11th birthday or two (2) years from the act, omission, or failure in which to commence an action.

Ark. Code Ann. § 16-114-203(c)(1).

### (1) **Plaintiffs' argument that their individual and next friend claims are joint and several**

The first issue is whether Plaintiffs' individual claims are governed by the two year limitations period or the longer limitations period enacted for minors nine and under.

Because jurisdiction is based on diversity, the Court is obligated to apply the substantive law of the forum state, Arkansas. *Diary Farmers of Am., Inc. v. Travelers Ins. Co.*, 292 F.3d 567, 572 (8th Cir. 2002). Under Arkansas law, a personal injury to a minor gives rise to two separate and distinct causes of action. The minor has a claim for his injuries, which includes damages for pain and suffering, personal disfigurement, future medical expenses reasonably certain to be required after majority and probable loss of earnings and earning capacity after majority. *Lopez v. Waldrum Estate*, 249 Ark. 558, 563 (1970). The minor's damages do not include medical expenses incurred during his minority. *Parrott v. Mallett*, 262 Ark. 525, 528-29 (1977). The parent or guardian has a claim for his or her injuries, which includes the medical expenses incurred and to be incurred by the parent or guardian during the child's minority and the value of the minor's services and loss of earning capacity during minority. *Lopez*, 249 Ark. at 563.

In *National Bank of Commerce v. Quirk,* 323 Ark. 769, 792-93 (1996), the Arkansas

- 3 -

Supreme Court affirmed the application of § 16-114-203(a) to bar the independent claims of the parents to recover medical expenses incurred on account of injury to their minor child. The *Quirk* court reaffirmed the view that "in case of injury to a minor child, there are two separate and distinct causes of action: one in favor of the infant for his injuries and one in favor of the parent for losses suffered by the parent" and thus, the minor child could not recover damages for medical expenses incurred during his minority "where the child [was] unemancipated and [had] not paid the bill for such expenses." *Id*.

The required application of substantive Arkansas law requires the Court to reject Plaintiffs' argument that their individual claims and next friend claims on behalf of Forrest Manning should be treated as joint and severable. Because Plaintiffs' individual claims are governed by a two year limitations period, they are time barred.

**(2)     Plaintiffs' constitutional challenge**

Plaintiffs argue that applying § 16-114-203(a) to bar their individual claims violates Art. 2, § 13 and Art. 5, § 2 of the Arkansas Constitution. The Court disagrees.

The Arkansas Supreme Court considered a similar challenge to the constitutionality of § 16-114-203(a), as applied, in *Davis v. Parham,* 362 Ark. 352 (2005). In *Davis*, the decedent's estate argued that the provision, which resulted in the dismissal of the estate's claims as untimely, violated Article 2, Section 13 of the Arkansas Constitution. The provision states:

> Every person is entitled to a certain remedy in the laws for all injuries or wrongs he may receive in his person, property or character; he ought to obtain justice freely, and without purchase; completely, and without denial; promptly and without delay; conformably to the laws.

Ark. Const. Art. 2, § 13.

To resolve the constitutional challenge, the *Davis* court applied a rational basis test and

concluded that § 16-114-203(a)'s two-year statute of limitations did not violate Art. 2, § 13 of the Arkansas Constitution because it was "rationally related to a legitimate governmental objective, as stated in the Act's emergency clause."[2]  *Davis*, 362 Ark. at 365.

Plaintiffs also contend that the application of § 16-114-203(a) would violate Article 5, § 2 of the Arkansas Constitution, which provides:

> That otherwise no law shall be enacted limiting the amount to be recovered for injuries resulting in death or for injuries to persons or property.

The challenged law imposes no limit on the amount Plaintiffs may recover, but simply imposes a time limit within which Plaintiffs must assert their rights or lose them.  As the Arkansas Supreme Court observed: "[a]ny statute of limitations will eventually operate to bar a remedy, and the time within which a claim should be asserted is a matter of public policy, the determination of which lies almost exclusively in the legislative domain, and the decision of the General Assembly in that regard will not be interfered with by the courts in the absence of palpable error in the exercise of legislative judgment."  *Davis*, 362 Ark. at 366-67 (*quoting Owen v. Wilson*, 260 Ark. 21 (1976).

Plaintiffs have made no effort to distinguish between the application of § 16-114-203(a) in this case from its application in *Davis*.  The Court rejects Plaintiffs' constitutional challenge for the same reasons stated in *Davis* and concludes that application of the two-year limitations period here does not offend the cited provisions of the Arkansas Constitution.

### CONCLUSION

IT IS THEREFORE ORDERED THAT all of the pending motions seeking the dismissal

---

[2] The emergency clause for the 1979 version of the law, which included the two year limitation, but not the longer limitations period for minor's claims, provided in part that the law was necessary "to help control the spiraling cost of health care."

of Plaintiffs' individual claims (docket # 13, 26, and 36) be, and they are hereby GRANTED. Plaintiffs may not recover damages in their individual capacities for the harm to Forrest Manning, a minor, because their individual claims are time barred.

    IT IS SO ORDERED this  18th  day of October, 2007.

                                    _/s/Garnett Thomas Eisele_____
                                    UNITED STATES DISTRICT JUDGE