**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**RONALD MARK CLARK, et al.**                                                                **PLAINTIFFS**

**v.**                                        **CASE NO. 4:07-CV-00477 GTE**

**JOHN BAKA, M.D., et al.**                                                                **DEFENDANTS**

## ORDER

Before the Court is a Motion to Strike Portions of Dr. Joseph Bruner's testimony, filed by Separate Defendants Continental Casualty Company and Patricia Lynn Dyer, R.N.  Plaintiff has filed a response opposing the motion.  Separate Defendants have also filed a reply brief.

The motion fails to contain the required statement that the parties have attempted to resolve the dispute by agreement.  *See* Local Rule 7.2(g).  For that reason alone, it might be stricken.  However, to avoid further delay, the Court elects to resolve the motion on the merits.

Defendants complain that Dr. Bruner "walked out" of the second deposition on June 25, 2008.  It appears that he left the deposition at 4:10 p.m. in order to catch a flight leaving at 5:20 p.m.  The deposition, which had been scheduled to begin at 11:00 a.m., instead started at 12:14 p.m. as a result of counsel for Dr. Baka being detained due to a late flight.   Plaintiffs point out that Dr. Bruner was deposed on May 19th for 4 hours and 32 minutes, and that, therefore, only 2 hours and 28 minutes remained of the seven hour deposition limit established by Fed. R. Civ. P. 30(d)(1).  The Court concludes that it was reasonable for Plaintiffs' counsel to believe that Dr. Bruner's deposition could be completed in the scheduled five hour period on June 25th.  However, assuming that Dr. Bruner absolutely had to leave the deposition when he did to catch

his flight, it was less than reasonable for Plaintiffs' counsel to allow Dr. Bruner to leave without making any effort to work out an agreement for the completion of the deposition.

Defendants complain that Dr. Bruner changed his opinions and expressed new opinions near the end of the deposition which defense counsel did not have the opportunity to explore. Plaintiffs deny that Dr. Bruner expressed any new opinions and contend that Defendants were on notice of each and every opinion offered by Dr. Bruner. Defendants are entitled to establish and to explore all the opinions that Dr. Bruner intends to offer at trial.

The Court recognizes that the medical issues in this case are complex. For that reason, it is reasonable to allow a deposition in excess of the seven hour limit. The Court concludes that Defendants should be permitted to question Dr. Bruner further on those areas of testimony referenced in their motion on the following conditions:

> (1) At the election of any party, Dr. Bruner's deposition must be completed by telephone; and
>
> (2) Said deposition shall be completed in two hours (not counting breaks) or less.

IT IS THEREFORE ORDERED THAT Defendants' Motion to Strike portions of testimony of Dr. Joseph Bruner (Docket No. 135) be, and it is hereby, DENIED. However, Defendants shall be permitted to complete the deposition of Dr. Bruner on the conditions stated herein. The parties shall confer as soon as practicable to schedule such deposition.

IT IS SO ORDERED this  5th  day of August, 2008.

                                            _/s/Garnett Thomas Eisele_____
                                            UNITED STATES DISTRICT JUDGE