UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

RONALD MARK CLARK and MARGARET
KELLY CLARK as Next Friends and
Guardians of FORREST MANNING, a Minor                    PLAINTIFFS

VS.                         No 4-07-CV-00477 GTE

JOHN BAKA, M.D., JOHN V. BAKA, M.D.,
P.A., CONTINENTAL CASUALTY COMPANY,
QUORUM HEALTH RESOURCES, L.L.C.,
HOSPITAL MANAGEMENT
PROFESSIONALS, INC., ANDREA DENISE
HALL, R.N., and PATRICIA LYNN DYER, R.N.              DEFENDANTS

PROTECTIVE ORDER

WHEREAS, the Court is aware that certain information, documents and materials that may be exchanged by the parties hereto are of a confidential and sensitive nature and has ruled that Defendants are entitled to a protective order for the protection of such information, documents and materials during the pendency of this action and thereafter.

THEREFORE, IT IS ORDERED that:

1. <u>Designation of Information as Confidential.</u> One who provides material in the above-captioned action, including the pretrial proceedings, trial or settlement, and any appeal may designate it as confidential, as set forth below:

(a) Any party, or person/entity other than a party, being asked to produce documents or information considered by that party or person to be confidential may designate it as confidential only when such person in good

1

faith believes it contains sensitive personal information, confidential, non-public, potentially copyrighted or trademarked, or other proprietary information.

(b) The designation of confidential information shall be made by placing or affixing on the document, in a manner that will not interfere with its legibility, the word "CONFIDENTIAL."

(c) Information or documents designated as confidential under this Order shall not be used or disclosed by the parties or counsel for the parties or any persons identified in subparagraph (d) below for any purposes whatsoever other than preparing for and conducting the litigation in the above-captioned proceeding, including any appeals.

(d) The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

(i) Disclosure may be made only to employees of party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed. Any such employee to whom counsel for the parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

(ii) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents.

(iii) Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this lawsuit.

2. <u>Confidential Information Filed with Court</u>. To the extent that a party seeks to file any material subject to this Order (or any pleading, motion or brief referring to them) with the Court, that party shall take appropriate action to insure that the documents receive proper protection from public disclosure, as set forth below:

(a) filing a redacted document with the consent of the party who designated the document as confidential;

(b) where appropriate (e. g., in relation to discovery and evidentiary motions), submitting the documents solely for *in camera* review; or

(c) where the preceding measures are not adequate, filing the documents under seal with the Clerk of the Court in an envelope marked, SEALED PURSUANT TO ORDER OF COURT DATED _____," together with a simultaneous motion for filing under seal.

(d) Absent extraordinary circumstances making prior consultation impractical or inappropriate, the party seeking to submit the document to the court shall first consult with counsel for the party who designated the

document as confidential to determine if some measure less restrictive than filing the document under seal may serve to provide adequate protection.

4. <u>Challenging Designation of Confidentiality</u>. In the event a party disagrees with a designation made pursuant to this Order, the parties shall first try to dispose of such dispute in good faith on an informal basis. If a dispute cannot be informally resolved, either party may seek appropriate relief from this Court, and the producing party shall have the burden of proving that the information is entitled to confidentiality protection unless otherwise provided by the applicable law. Information shall remain confidential and under the status given to it by the designating party unless and until: (1) the party who claims that the documents are confidential withdraws such designation in writing; or (2) the Court rules that the documents should no longer be designated as confidential information.

5. <u>Return of Confidential Material at Conclusion of Litigation</u>. At the conclusion of the litigation, all material treated as confidential under this Order and not received in evidence shall be returned to the originating party. If the parties so stipulate, the material may be destroyed instead of being returned.

6. <u>Modification Permitted</u>. Nothing in this Order shall prevent a party from seeking modification of this Order, or from objecting to discovery that it believes otherwise to be improper.

IT IS SO ORDERED on this 30th day of September, 2008.

/s/ Garnett Thomas Eisele
UNITED STATES DISTRICT JUDGE