**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**RONALD MARK CLARK, et al.**                                                                **PLAINTIFFS**

**v.**                                       **CASE NO. 4:07-CV-00477 GTE**

**JOHN BAKA, M.D., et al.**                                                                   **DEFENDANTS**

## ORDER

Before the Court is a Motion to Dismiss Due to Lack of Capacity, or alternatively, for Substitution of Parties filed by Separate Defendants Continental Casualty Company ("Continental") and Patricia Lynn Dyer. These Defendants challenge the capacity of Plaintiffs Ronald Mark Clark and Margaret Kelly Clark ("the Clarks") to bring this action on behalf of Forrest Manning, a minor. In response, Plaintiffs deny that there is any failure of capacity, or, alternatively, contend that any such failure can be cured by the Court's appointment of a guardian ad litem. The Court concludes that Plaintiffs have the capacity to bring this action on behalf of Forrest Manning. Accordingly, Defendants' motion will be denied.

The Clarks have sued both as next friends and guardians of Forrest Manning.[1] Defendants do not dispute that the Clarks may be properly characterized as next friends. However, Defendants argue that the fact that the Clarks were appointed guardians of Forrest's person, but not his estate, undermines their ability to bring this action as "next friends." Defendants request that "a proper party plaintiff" be substituted within a reasonable time or the Plaintiff's Complaint dismissed.

In support of their argument, Defendants have attached to their motion Letters of Guardianship and Duties of Guardian papers from the Superior Court of California, County of

---

[1] Plaintiffs' individual claims were dismissed as untimely. (See Court's Order dated February 18, 2008). Accordingly, only the representative claims are pending.

San Bernardino. *See* Exhibits A and B. The papers indicate that on October 29, 2004, the Clarks became guardians of the person of Forrest Manning, Darrien Potter, and Rachelle Manning. The papers further indicate that the Clarks were appointed guardians of Forrest's person only, and not his estate. The Letters of Guardianship specify that the Clarks are "not authorized to take possession of money or any other property without a specific court order."[2]

Defendants contend that the fact that the Clarks were not appointed guardians of Forrest's estate somehow undermines their authority to act as next friends in pursuing this action. As phrased by the Defendants in their reply brief, "[t]he question is whether it is in the best interests of a minor to allow guardians of his person, but not his estate, to represent him in litigation when they are prohibited by law from exercising any control over the property of that minor." In the Court's view, the issues of capacity to sue and capacity to control a minor's property are separate and distinct.

Arkansas law governs the issue of whether the Clarks have the capacity to bring this action. Fed. R. Civ. P. 17(b)(b). Under Ark. Code Ann. § 16-61-103(a), "[t]he action of an infant must be brought by his or her guardian or his or her next friend." The statute further provides that "[a]ny person may bring the action of an infant as his or her next friend, but the court has power to dismiss it if it is not for the benefit of the infant, or to substitute the guardian of the infant, or another person, as next friend." Ark. Code Ann. § 16-61-103(b).

Under Arkansas law, a guardian of the person, but not the estate, of another "shall not have the power to bind the ward or his property." Ark. Code Ann. § 28-65-301(a)(3).[3] Both

---

[2] Exhibit A to Defendants' motion.

[3] Neither party takes a position on whether Arkansas law is controlling on the separate issue of the Clarks' ability to receive settlement or judgment proceeds.

parties appear to agree that in the event a Judgment is obtained or a settlement negotiated in this case, the Clarks will <u>not</u>, absent further court action, have the power to bind Forrest Manning to a settlement or to take possession of any monies to be paid on Forrest's behalf. The parties disagree, however, that this lack of power has consequences on the Clarks' ability to pursue this action on Forrest's behalf.

Whether or not the Clarks are qualified to bring the action as guardians, it is undisputed that they qualify as next friends. There is nothing in Arkansas' statute authorizing next friends to sue on a minor's behalf that undercuts such authority solely because the Clarks were appointed guardians of the minor's person, but not his estate. There is no information to suggest that the Clarks were rejected as suitable guardians of Forrest's estate. The Court does not know whether the Clarks attempted to be appointed as guardians of the estate, whether there were legitimate reasons for not seeking appointment as guardians of the estate, or whether Forrest, who was three years old at the time of the appointment, even had any estate for which a guardianship was required, needed, or permitted under California law.[4]

The Court recognizes that it has the authority to remove the Clarks and to substitute another person as next friend. However, no basis for doing so appears in this record. The Clarks are the grandparents of Forrest and his primary care-givers. There is no evidence before the Court to suggest that the Clarks are not acting for the benefit of Forrest Manning, or that they have a conflict of interest.

The Court concludes that the Clarks have the capacity to bring this action. This issue is separate and distinct from the issue of how a settlement in this case might be approved and how

---

[4] The Court is curious as to why the Clarks have not petitioned the California court for guardianship of the estate since the filing of this lawsuit and whether they intend to do so.

and to whom an approved settlement or judgment proceeds would be paid.[5]   As to these issues, the Court recognizes that both Forrest Manning and the Defendants have important interests that must be safeguarded.  How a settlement would be approved, which court would approve it, and the conditions under which settlement or judgment proceeds could be paid, and to whom, are unresolved issues in this case.  Should such issues require court resolution, the Court will look to the parties to brief the law and to propose a lawful and equitable solution.

IT IS THEREFORE ORDERED THAT Defendant Continental Casualty and Patricia Lynn Dyer, R.N.'s Motion to Dismiss Due to Lack of Capacity, or alternatively, for Substitution of Parties (Docket No. 182) be, and it is hereby, DENIED.

IT IS SO ORDERED this  16th  day of September, 2008.

_/s/Garnett Thomas Eisele_____
UNITED STATES DISTRICT JUDGE

---

[5]  The Court does not understand or agree with Plaintiffs' suggestion that the Court might appoint a guardian ad litem "in order to approve a settlement or payment of funds under a judgment." The Court knows of no applicable authority for permitting a guardian ad litem, if appointed, to approve a settlement or to receive settlement or judgment proceeds.