IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**RONALD MARK CLARK, et al.**                                                              **PLAINTIFFS**

**v.**                                          **CASE NO. 4:07-CV-00477 GTE**

**JOHN BAKA, M.D., et al.**                                                              **DEFENDANTS**

## ORDER

Before the Court is Plaintiffs' Motion to Compel Inspection and Photographing of Saline Memorial Medical Center ("the hospital"). Plaintiffs are seeking permission to enter, inspect and photograph certain items and locations at the hospital. Defendant Continental Casualty Company ("Continental"), the hospital's insurer, opposes the request. After considering the issue, the Court concludes that the motion should be denied.

On October 3, 2008, Plaintiffs served Defendant Continental with a request pursuant to Fed. R. Civ. P. 34 to enter hospital premise to inspect and photograph the following twelve items or categories of items:

1. Labor and delivery room in which this delivery took place;
2. The electronic fetal monitor used in this case;
3. Other monitoring equipment used in this case;
4. The nurses' station for labor and delivery;
5. Central monitoring equipment for labor and delivery;
6. The warming table used in this case;
7. Resuscitation equipment used in this case;
8. The forceps used in this case;
9. The crash cart used in this case;
10. Textbooks and other resources and materials available to the nurses in this case;
11. The hospital's library; and
12. The nurse education office and textbooks and other resource materials available to teach/train/test the labor and delivery nurse.

Continental opposed the request, prompting Plaintiffs' filing of the motion before the Court on October 30, 2008.

This case is now scheduled for trial February 2, 2009. But for the addition of Quorum as

a party defendant, the trial of this case would have started on November 3, 2008.  On October 21, 2008, when the Court issued its Amended Scheduling Order continuing the case, it believed that it was understood that only limited discovery remained.  The Court indicated in its previous Order denying Plaintiffs' request to depose three hospital employees that all lay witness testimony not necessitated by Quorum's addition as a party defendant in July 2008 should now be completed.  (*See* Court's Order of November 6, 2008, docket entry # 246).  In hindsight, the Court should have specified more clearly its intended limitations on discovery.  Paragraph one of the Court's Amended Scheduling Order (docket entry # 233), is now amended, *nunc pro tunc*, to read:

1. **DISCOVERY** – All discovery, including evidentiary depositions must be completed by **DECEMBER 15, 2008.**  The discovery deadline is extended solely to permit the completion of expert depositions or other discovery necessitated by the late addition of Quorum as a party defendant.  All written discovery and lay person depositions between Plaintiffs and the non-Quorum Defendants should now be complete.   Any permissible discovery must be propounded so that responses are due on or before the discovery deadline.  The discovery deadline does not relieve the parties of their disclosure obligations, or from potential sanctions for failure to meet those obligations, under applicable discovery rules.

Plaintiffs' Rule 34 discovery request of Continental is untimely.  The Court must consider whether good cause exists to modify the Scheduling Order to permit the requested discovery.[1]

There is no indication of why Plaintiffs waited so long to seek the discovery in question.  Clearly, this is the type of information that should be sought early in the discovery period.  In the absence of any showing of good cause, the Court finds no basis for allowing the requested discovery, which should have been completed long before now.  Plaintiffs have had "ample opportunity to obtain the information" now requested.  Fed. R. Civ. P. 26((b)(2)(C)(ii).

---

[1] Under Fed. R. Civ. P. 16(b)(4), deadlines in a Scheduling Order "may be modified only for good cause shown and with the judge's consent."

The items to be inspected and photographed, to the extent that they exist and are relevant, could be used primarily in two ways – either to inform expert opinions or as demonstrative evidence. It would be particularly inappropriate for Plaintiffs' experts to use information from the Rule 34 request to amend their opinions or to form new opinions. Even if the Court were inclined to permit the items to be photographed for use as demonstrative aids, there are also issues about the availability and relevance of the items.

Continental states that the requested equipment "has been changed or upgraded to a different version than that which was used in 2001" and is therefore unavailable. Plaintiffs argue that this argument should be rejected because Continental has failed to present any evidence that the equipment is unavailable. To the extent that certain equipment has been changed or upgraded, Plaintiff argues that Continental should state with specificity when such equipment was changed or upgraded, what was done with the equipment used in Forrest's labor and delivery, and whether identical equipment still exists at the hospital. This type of inquiry would have been well suited to written discovery directed to Continental. However, the time for such discovery has passed. Further, the relevance of such information is unclear. There are no allegations in this case that any of the equipment malfunctioned or that the specific set-up or location of the equipment or the labor and delivery room affected the care and treatment provided to Becky and Forrest Manning. Continental's written representation that it cannot produce the equipment requested because such equipment has been changed or upgraded is acceptable and adequate under the circumstances.

Since the equipment is unavailable, that leaves only the labor and delivery room, the

- 3 -

nursing station, and the library that could be photographed and used as demonstrative evidence.[2] It appears that the library may have been relocated since 2001. Further, the Court is unable to fathom how a picture of the library or the nursing station is relevant to Plaintiffs' claim or how it would be helpful to the jury. The Court concludes that it might be helpful to the jury (and the Court) to see a picture of the labor and delivery room where Forrest was delivered. However, Continental can simply provide Plaintiffs with a picture of same, assuming it appears the same today as it did in January 2001. This is neither prejudicial, costly, nor time-consuming. It also avoids the scheduling and privacy issues associated with providing Plaintiffs' access to the labor and delivery room. If Plaintiffs would like a picture of the labor and delivery room, to be used solely as a demonstrative aid at trial, and its appearance is substantially the same as when Forrest was delivered, the Court directs Continental to provide them with one or more pictures.

The remaining requests involve: (a) textbooks and resources available to the nurses in this case; and (b) the nurse education office and textbooks and other resource materials available to teach/train/test the labor and delivery nurses. Continental states that it has previously identified the educational materials which were in effect during the relevant time period. Plaintiffs have failed to demonstrate good cause for waiting so late to make these two requests.

Independently of the fact that Plaintiffs' Rule 34 request is untimely filed, the Court also finds, pursuant to Fed. R. Civ. P. 26(b)(2)(C), as to all of the requests, that Plaintiff "has had ample opportunity to obtain the information by discovery in this action." The Court further finds that "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case" and "the importance of the discovery in resolving the issues."

---

[2] The Court does not view the textbooks or educational materials as necessary and appropriate demonstrative aids that must be obtained from Continental.

**CONCLUSION**

For the reasons explained above,

IT IS HEREBY ORDERED THAT Plaintiffs' Motion to Compel Inspection and Photographing of Saline Memorial Medical Center (docket entry # 238) be, and it is hereby, DENIED.  To the extent that Plaintiffs wish to obtain a photograph of the labor and delivery room as it existed when Forrest was delivered, solely for use as a demonstrative aid at trial, and subject to availability, then Continental shall provide Plaintiffs with suitable photographs.

IT IS FURTHER ORDERED, *sua sponte*, that paragraph one of the Court's Amended Scheduling Order, filed October 21, 2008 (docket entry # 233) is hereby amended as stated herein, *nunc pro tunc*, as of October 21, 2008.

IT IS SO ORDERED this  10th  day of November, 2008.

_/s/Garnett Thomas Eisele_____
UNITED STATES DISTRICT JUDGE