**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**RONALD MARK CLARK, et al.**                                                                                      **PLAINTIFFS**

**v.**                                                 **CASE NO. 4:07-CV-00477 GTE**

**JOHN BAKA, M.D., et al.**                                                                                        **DEFENDANTS**

## ORDER

Before the Court is Plaintiffs' second motion to compel Defendants to make Rule 26 disclosures for Dr. Asarnow, an expert for the defense. Defendants have responded. For the reasons stated below, the Court concludes on the basis of the papers before it that the motion must be granted in part and denied in part.

This is a continuation of a dispute previously brought to the Court's attention. On November 6th Plaintiffs filed a motion complaining that Defendants had not provided a list of Dr. Asarnow's former testimony as required by Fed. R. Civ. P. 26(a)(2)(B)(v).[1] Because Dr. Asarnow was scheduled to be deposed on November 11th, the Court shortened the response period and directed Defendants to respond to the motion by the close of business on Friday, November 7th. After receiving word that Dr. Asarnow's report and list of cases had been provided, the Court entered a text Order finding the motion to compel moot.[2]

On November 24, 2008, Plaintiffs filed the present motion. Although Dr. Asarnow provided a list of 21 cases, identified by name and the corresponding city or county in which the case was located, Plaintiffs complain the list is incomplete. Plaintiffs state that during Dr. Asarnow's November 11th deposition, "it became clear that the former testimony list" provided was "seriously deficient." For cause, Plaintiffs cite deposition excerpts during which Dr.

---

[1] (Doc. No. 247).

[2] (Doc. No. 250).

Asarnow testified that he has given as many as 20 to 40 depositions in the past five years and testified in 10 to 20 trials.  Based on such testimony, Plaintiffs argue that "there are at least nine, and may be as many as 39 testimonies that Defendants failed to disclose."

The Federal Rules of Civil Procedure require that a testifying expert produce a written report which "must contain . . . a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition."  Fed. R. Civ. P. 26(a)(2)(B)(v).  It appears that Dr. Asarnow compiled the list he provided by memory.  A notation at the bottom of the list states: "These are all the appearances I can remember.  Heretofore, I have not maintained a record of my trial appearances."

Plaintiffs argue that Dr. Asarnow has access to all the information needed to compile a complete list of his former testimony, but chose not to do the work required to provide a complete list.  Dr. Asarnow testified during his deposition that he could go back two years on his computer's Outlook calendar to locate other trials and depositions.  Dr. Asarnow also testified that he keeps case files for seven years, but the files are in storage and that it would take considerable time and effort to retrieve the files.

Plaintiffs request a Court Order directing that Dr. Asarnow's report be supplemented and that Defendants be sanctioned for their failure to make a complete disclosure initially.  More specifically, Plaintiffs seek an Order requiring Defendants to produce the transcripts of all deposition and trial testimony given by Dr. Asarnow in the past four years.

In response to the motion, Defendants state that Dr. Asarnow has made a "good faith effort" to provide a list of cases in which he has testified over the past four years.  Defendants argue that it would be unduly burdensome to retrieve his records because they are mixed in with stored materials for the entire UCLA department and can only be retrieved with a requisition slip

identifying a box by number. Dr. Asarnow states that he has no idea how to determine which boxes to request. He further states that his long-time administrative assistant is out on medical leave.

There is no reason to doubt that Dr. Asarnow made a good-faith effort to identify the list of cases in which he has been involved. It appears, however, that the list is likely incomplete to some degree. Defendants estimate that there are only "two or three, possibly five" cases which are not on the list. Plaintiffs estimate that many more cases are missing based on the estimations provided by Dr. Asarnow during his deposition.[3] While Dr. Asarnow's initial effort may be been made in good-faith, it does not excuse him from complying with the mandatory disclosure requirements of the federal rules.

The Court concludes that Dr. Asarnow should be required to look on his computer calender for the two-year period to attempt to determine if he can identify any additional cases in which he has testified. The Court will not require him to attempt to pull case files or billing records from storage as it would be unduly burdensome to do so.

Defendants point out that there are research services which, for a fee, will provide lawyers with information about expert witnesses, including cases in which they have testified and lawyers who have hired them. The question thus arises, if there is a service that would allow Dr. Asarnow to compile a complete list of his prior testimony for the requisite four-year period, then should he (or Defendants) not be required to do so? It appears that Dr. Asarnow may only need to use such service for a two-year period since he has access to calendar records for the most

---

[3] Some of the discrepancy is likely due to the fact that the Plaintiffs are referencing a five-year period. Dr. Asarnow's original list referenced a five-year period and the deposition questions to posed to him by Plaintiffs' counsel also referenced a five-year period. Rule 26 only requires disclosures for the prior four-year period.

- 3 -

recent two year period.  Plaintiffs may want such records for a longer period.  The Court directs the parties to discuss this issue to determine whether they can reach agreement or compromise. An appropriate arrangement would be for the Defendants to pay for the service for the two-year period that Dr. Asarnow is unable to provide complete records, and the Plaintiffs to pay for the service for another period (assuming that they are interested in going back more than four years). Or, Defendants might simply choose to pay for a service for the two-year period in question without involving Plaintiffs.

## CONCLUSION

For the reasons herein stated,

IT IS HEREBY ORDERED THAT Plaintiffs' second motion to compel Rule 26 disclosures from Dr. Asarnow (docket entry # 256) be, and it is hereby, GRANTED IN PART, DENIED IN PART.  Defendants shall provide Plaintiffs with the results of Dr. Asarnow's review of his computer calender as soon as possible but not later than **December 22, 2008,** by which time agreement should also be reached on the issue of using a research service to ensure that Dr. Asarnow's list of cases is complete.

IT IS SO ORDERED this   15th   day of December, 2008.

_/s/Garnett Thomas Eisele_____
UNITED STATES DISTRICT JUDGE