IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

RONALD MARK CLARK, Individually
and as Next Friend and Guardian of
Forrest Manning, a Minor; and MARGARET
KELLY CLARK, Individually and as Next
Friend and Guardian of Forrest Manning, a
Minor                                                                                          PLAINTIFFS

v.                            Case No. 4:07-cv-477-DPM

JOHN BAKA, M.D. and JOHN V. BAKA,
M.D., P.A.                                                                                      DEFENDANTS


ORDER

Plaintiffs move for full attorney participation in *voir dire*, an enlarged panel of 125 potential jurors, and to use a supplemental jury questionnaire. *Document No. 393*. The Court appreciates counsel ventilating all these issues before the pre-trial.

First, the Court and counsel will conduct *voir dire*. The Court will ask a comprehensive series of questions, and counsel will follow up. An hour per side should be sufficient. As Judge Eisele indicated earlier in this case, the point of *voir dire* is to expose bias, not for the parties to try their case, get commitments, or pump the jury full of fairness. The Court's

questions—in particular, the Court's modified version of Judge Wilson's questions about hobbies and news, reading, television, and radio habits—will give counsel a full picture of the potential jurors' attitudes and notions.

The Court sees no need for the supplemental questionnaire. The Court usually asks, or will ask at Plaintiffs' request, these (or very similar) questions: 39, 40, 43, 44, 45, 46, 47, 48, 50, 61, 62, 63, 65, both 66s, and 67. A few of the questions either go too far or are redundant; the Court will not ask them, and neither should counsel. These questions are 42, 49, 51, 52, 53, 54, 55, 56, 57, 59, 60, and 64. And some of the proposed questions can be asked by counsel if desired. These are questions 41 and 58. If counsel for any party has additional proposed questions for the Court to ask, we'll discuss them at the pre-trial. Share them with counsel opposite before then. During *voir dire*, moreover, counsel may seek permission to pursue a new line of questioning if something unexpected comes up.

Finally, the Court recognizes that a larger-than-usual venire is needed because of the length of trial and the Defendants' (and former Defendants') numerous connections in central Arkansas. The Court does

not believe, however, that a venire of one hundred twenty-five is necessary to select twelve fair and impartial jurors. The Court will therefore allow an enlarged panel of eighty potential jurors.

The Plaintiffs' motion for full attorney participation in *voir dire*, a supplemental jury questionnaire, and an enlarged jury panel, *Document No. 393*, is granted in part and denied in part.

So Ordered.

*/s/ DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge
29 December 2010