**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**

**RONALD MARK CLARK and MARGARET KELLY CLARK, Individually and as Next Friends and Guardians of FORREST MANNING, a Minor** **PLAINTIFFS**

**v.** **CASE NO.: 4-07-CV-00477 SWW**

**JOHN BAKA, M.D. AND JOHN V. BAKA, M.D., P.A.** **DEFENDANTS**

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR COSTS**

## I. INTRODUCTION

The parties tried this case to a twelve person jury from February 1, 2011 to February 18, 2011 before the Honorable D. P. Marshall. After deliberations, on February 17 and 18, 2011, the jury returned a verdict in favor of Dr. John Baka on February 18, 2011. On February 25, 2011, the Court entered Judgment on the jury's verdict for Dr. John Baka and John V. Baka, M.D., P.A., and against Ronald Mark Clark and Margaret Kelly Clark, as next friends and guardians of Forrest Manning, a minor. *See Judgment* attached hereto as Exhibit "A". The Court's Judgment provides that the "…Defendants are entitled to costs as the Court may later allow on motion." *Id*. The prevailing party at trial may be awarded costs incurred related to depositions and copying of exhibits used at trial. 28 U.S.C.A. § 1920; see also Fed. R. Civ. P. 54(d). The Defendants respectfully request their costs relating to depositions that were either used at trial or were reasonably necessary in this case. The Defendants also respectfully request their costs for copying of the exhibits and for the demonstrative aids used by them at the trial of this case.

## II. APPLICABLE LAW AND ARGUMENT

Taxation of costs is authorized by 28 U.S.C.A. § 1920 and governed by Rule 54(d) of the Federal Rules of Civil Procedure. The Defendants may be awarded costs for (1) fees of the clerk

and marshall, (2) fees for printed or electronically records transcripts necessarily obtained for use in the case, (3) fees and disbursements for printing and witnesses, and (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained of for use in the case. 28 U.S.C.A. § 1920. Unless a federal statute, these rules, or a court order provides otherwise, costs (other than attorneys' fees) should be allowed to the prevailing party. Fed. R. Civ. P. 54(d). The prevailing party is presumptively entitled to recover all of its costs. *See Thompson v. Wal-Mart Stores, Inc.*, 472 F.3d 515, 517 (8th Cir. 2006).

The District Court has substantial discretion in awarding costs to a prevailing party. *Greaser v. State, Dept. of Corrections*, 145 F.3d 979, 985 (8th Cir.1998) (upholding district court's denial of costs to prevailing defendant in discrimination case). "The burden is on the unsuccessful party to show circumstances that are sufficient to overcome the presumption in favor of the prevailing party, and if the court denies costs it should state the reasons for doing so to allow for review." 10 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure: Civil 3d, 2668, at 232-33 (1998). See also Martin v. Daimler Chrysler Corp., 251 F.3d 691 (8th Cir.2001) (District court's award of costs to defendant affirmed where plaintiff "presented no argument that would overcome the presumptive award of costs.").

A prevailing party may recover deposition costs for the depositions that were either used at trial or were reasonably necessary for this case. *Smith v. Tenet Healthsystem SL, Inc.*, 436 F.3d 879 (8th Cir. 2006). When a deposition is not actually used at trial, whether its cost is taxable is determined by determining whether the deposition reasonable seemed necessary at the time it was taken." *See 10 Wright, Miller, & Kane, Federal Practice and Procedure*, § 2676 at 424. The Eighth Circuit has held that video depositions costs are also recoverable under 28 U.S.C.A. § 1920. *Craftsmen Limousine, Inc. v. Ford Motor Co.*, 579 F.3d 894 (8th Cir. 2009).

A prevailing party may also recover costs for the copying of the exhibits that the Defendants entered into evidence at the trial of this case. *Fields v. Shelter Insurance Company*, 2007 WL 1702512 (E.D. Ark.). Demonstrative aids are also recoverable and come within the category of fees associated with exemplification. *Cefalu v. Vill. Of Elk Grove,* 211 F.3d 416 (7th Cir. 2000).

The Defendants have incurred costs in this case in the amount of $15,487.14 for depositions that were either used at trial or were reasonably necessary for this case, including fees for the attendance of court reporters, transcript costs, and video deposition costs and respectfully request that these costs be awarded in favor of the Defendants and against the Plaintiffs. Copies of the invoices related to these depositions costs are attached to the Defendants' Motion for Costs as Exhibit "B".

The Defendants, the prevailing parties at the trial of this case, have incurred costs in the amount of $1,744.79 for copying of the exhibits they entered into evidence at the trial of this case. A copy of the invoice related to these copying costs is attached hereto as Exhibit "C". The Defendants have also incurred costs in the amount of $1,601.75 for the demonstrative aids that were used at the trial of this case. A copy of the invoice relating to the demonstrative aids is attached hereto as Exhibit "D".

The Defendants have incurred total costs in the amount of $18,833.68 for costs relating to (1) depositions that were either used at trial or were reasonably necessary in this case and (2) copying of the exhibits used by them at the trial of this case. As the prevailing parties at the trial of this case, the Defendants respectfully request that costs in the amount of $18,833.68 are awarded in favor of the Defendants and against the Plaintiffs.

## III. CONCLUSION

The Court's Judgment provided that the Defendants are entitled to costs as a prevailing party at the trial of this case. The Defendants may be awarded costs incurred related to depositions and copying of exhibits used at trial. 28 U.S.C.A. § 1920; *See also* Fed. R. Civ. P. 54(d). For the above reasons, and those provided in the Brief in Support of this Motion and the Bill of Costs filed simultaneously with this Motion, the Defendants respectfully request that costs in the amount of $18,833.68 are awarded in favor of the Defendants, Dr. John Baka and John V. Baka, M.D., P.A., and against the Plaintiffs, Ronald Mark Clark and Margaret Kelly Clark, as next friends and guardians of Forrest Manning, a minor.

Respectfully submitted,

**MALCOM LAW FIRM**
2226 Cottondale Lane, Suite 100
Little Rock, Arkansas 72202-2060
(501) 319-7669 Telephone
(501) 319-7681 Facsimile

**ATTORNEYS FOR DEFENDANTS JOHN BAKA, M.D. AND JOHN V. BAKA, M.D., P.A.**

By: ___*/s/ Phil Malcom* _____________
Phil Malcom (ABA # 75082)
pmalcom@malcomlawfirm.com

**CERTIFICATE OF SERVICE**

I, Phil Malcom, do hereby certify that a true and correct copy of the foregoing pleading has been electronically filed with the Clerk of Court using the CM/ECF system this 11th day of March, 2011, which shall send notification of such filing to the following:

Mr. Les Weisbrod
MILLER CURTIS & WEISBROD, LLP
11551 Forest Central Drive, Suite 300
Dallas, Texas 75243
LWeisbrod@MCWLawfirm.com

Mr. Max Freeman
MILLER CURTIS & WEISBROD, LLP
11551 Forest Central Drive, Suite 300
Dallas, Texas 75243
MFreeman@MCWLawfirm.com

Mr. Morgan Welch
WELCH, BREWER & HUDSON
One Riverfront Place, Suite 413
North Little Rock, Arkansas 72114
mwelch@wbhlawfrim.com

*/s/ Phil Malcom*____________________
Phil Malcom